IN THE UNITED STATES DISTRICT COURT FOR

THE WESTERN DISTRICT OF OKLAHOMA

FILED
OCT 27 2009
ROBERT D. DENNIS, CLERK
U.S. DIST. COURT, WESTERN DIST. OF OKLA
BY_____ DEPUTY

| | |
|---|---|
| LARRY COLLINS, | ) |
| Plaintiff, | ) |
| vs. | ) No. CIV-09-756-W |
| WILLIAM CITTY, individually and in his official capacity, et al., | ) |
| Defendants. | ) |

## ORDER

This matter comes before the Court on the Motion to Dismiss Portions of Plaintiff's Complaint filed by defendant William Citty pursuant to Rules 12(b)(5) and 12(b)(6), F.R.Civ.P., and the Oklahoma Governmental Tort Claims Act, 51 O.S. § 151 et seq. Plaintiff Larry Collins has not responded to Citty's motion within the allotted time.

Collins commenced this action against multiple defendants, including Citty, in his individual capacity ("Citty") as well as in his official capacity as Chief of Police of the Police Department of The City of Oklahoma City ("The City"), and Collins has alleged in his complaint that he has been denied certain constitutional rights in violation of title 42, section 1983 of the United States Code. In addition to compensatory and punitive damages, Collins has sought both a declaration "that the policies, procedures, usage, customs and practices of [T]he City . . . are unconstitutional as applied," Complaint at 18, ¶ 74, as well as an injunction "enjoin[ing] . . . [The City] from further usage and application thereof." Id.[1]

---

[1] In his prayer for relief, Collins has sought "a declaratory judgment declaring unconstitutional the complained of policies, usage, customs, practices and actions and [an injunction] enjoining [the violations of his civil rights about which he has complained] from occurring

In actions brought pursuant to section 1983, individual capacity "suits seek to impose personal liability upon a government official for actions he takes under color of state law." Kentucky v. Graham, 473 U.S. 159, 165 (1985)(citation omitted). "Official-capacity suits, in contrast, 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" Id. (quoting Monell v. New York City Department of Social Services, 436 U.S. 658, 690 n.55 (1978)). The distinction between personal- and official-capacity suits is important because such suits for purposes of section 1983 give rise to different theories of liability and different defenses. Under the facts and circumstances of this case, because any claims against Citty in his official capacity are properly construed as claims against The City, Citty in his official capacity is entitled to those the defenses available to The City, and for purposes of this motion only, Citty in his official capacity shall be referred to as The City.

Citty and The City have first argued that injunctive relief is not available under the circumstances of this case. Because Collins has not challenged these arguments, e.g., Rule 7.1(g), F.R.Civ.P., and further, because such arguments are meritorious, e.g., City of Los Angeles v. Lyons, 461 U.S. 95, 101-05 (1983), the Court finds that Collins' request for injunctive relief is dismissed.

The City has also challenged Collins' request for punitive damages against it. In City of Newport v. Facts Concerts, Inc., 453 U.S. 247 (1981), the United States Supreme Court held "that a municipality is immune from punitive damages under . . . [section] 1983." Id. at 271. Absent any authority to the contrary cited by Collins, the Court finds that Collins'

---

in the future." Complaint at 19.

claim for punitive damages against The City is dismissed.

In his complaint, Collins has contended that the defendants' actions also constitute the torts of false arrest and false imprisonment under state law. While it is unclear whether Collins has asserted claims against, and sought damages from, Citty, individually, under state law, the Court has nevertheless considered Citty's arguments that he is entitled to dismissal of Collins' state law claims.

Under the Oklahoma Governmental Tort Claims Act ("Act"), 51 O.S. § 151 et seq., the "political subdivision shall be liable for loss resulting from . . . the torts of its employees acting within the scope of their employment[2] subject to the limitations and exceptions specified in this [A]ct . . . ." Id. § 153(A). "Suits instituted pursuant to the provisions of this [A]ct shall name as defendant the . . . political subdivision against which liability is sought to be established," id. § 163(C), and "[i]n no instance shall an employee of the . . . political subdivision acting within the scope of his employment be named as defendant . . . ." Id.

Generally, whether an individual was acting in good faith or bad faith (and thus, whether he was acting within or without the course and scope of his employment) is not a question resolved at this stage of the litigation. However, because Collins has not challenged Citty's argument that at all times relevant to this lawsuit, he was acting within the scope of his employment as Chief of Police of The City's Police Department, the Court finds Citty, individually, is entitled to dismissal of Collins' state law claims, if any, asserted against him.

---

[2]The term "scope of employment" is statutorily defined as "performance by an employee acting in good faith within the duties of the employee's office or employment or of tasks lawfully assigned by a competent authority . . . ." 51 O.S. § 152(11).

3

Finally, The City[3] has argued that it is entitled to dismissal of Collins' prayer for punitive damages under state law. The City's liability, if any, in this connection is governed by the Act, which provides that "[n]o award for damages in any action or any claim against . . . a political subdivision shall include punitive or exemplary damages." 51 O.S. § 154(C). Accordingly, Collins' prayer for punitive damages against The City under state law is dismissed.

Based on the foregoing, the Court GRANTS the Motion to Dismiss Portions of Plaintiff's Complaint [Doc. 44] filed by Citty, individually and in his official capacity, on October 5, 2009; and

(1) DISMISSES Collins' prayer for injunctive relief against Citty, individually and in his official capacity;

(2) DISMISSES Collins' prayer for punitive damages under section 1983 against Citty, in his official capacity;

(3) DISMISSES Collins' state law claims against Citty, in his individual capacity; and

(4) DISMISSES Collins' prayer for punitive damages under state law against Citty, in his official capacity.

ENTERED this 27th day of October, 2009.

LEE R. WEST
UNITED STATES DISTRICT JUDGE

---

[3]As stated, Collins has sued Citty in his official capacity. Under Oklahoma law, "[s]uit against a government officer is his . . . official capacity is actually a suit against the entity that the officer represents and is an attempt to impose liability upon the governmental entity." Speight v. Presley, 203 P.3d 173, 178 (Okla. 2008)(citing Pellegrino v. State ex rel. Cameron University, 63 P.3d 535, 537 (Okla. 2003)). Thus, Collins' claims against Citty in his official capacity are properly construed as claims against The City.