**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| LARRY COLLINS, )<br>)<br>      Plaintiff, )<br>)<br>v. )<br>)<br>WILLIAM CITTY, <u>et al.</u>, )<br>)<br>      Defendants. ) | No. CIV-09-756-W |

<u>**BRIEF IN SUPPORT OF THE
MOTION OF THE PENNSYLVANIA DEFENDANTS
TO DISMISS THE COMPLAINT**</u>

<u>**STATEMENT OF THE CASE**</u>

The plaintiff, Larry Collins, commenced this civil action by filing the complaint on July 20, 2009. Plaintiff Collins alleges that, following an argument with a security guard in the parking lot of a liquor store, defendant Lawson of the Oklahoma City Police Department ran Collins' name through the National Crime Information Center ("NCIC") database. (Complaint, ¶¶26-30). The database indicated that there was an arrest warrant from the Commonwealth of Pennsylvania for Larry Collins with a birthdate matching that of the plaintiff. (Complaint, ¶30). Defendant Lawson arrested Collins. (Complaint, ¶¶31-32).

Collins claims that he sustained injuries as a result of the handcuffs being applied too tightly. (Complaint, ¶¶34-36). Collins alleges that he was transported to Pennsylvania without being informed of his rights or having an opportunity to challenge the extradition. (Complaint, ¶¶43, 45). Once he arrived in Pennsylvania, "the Parole

Board" determined that Collins was not the person whom the Board wanted under the outstanding warrant. (Complaint, ¶51). Accordingly, "the Parole Board placed [Collins] on a Greyhound bus for the two-day journey back to Oklahoma City, Oklahoma." (*Id.*). Collins claims that he was denied adequate medical care after his arrest in Oklahoma City, during his transportation to Pennsylvania, and as a result of the decision of the "Parole Board" to send Collins back to Oklahoma by bus. (Complaint, ¶¶44, 48-49, 51-52).

Although the complaint states allegations about "the Parole Board," there are no allegations regarding actions or decisions by defendants Catherine McVey, Charles Fox, Michael Green, Jeffrey Imboden, Matthew Mangino, Benjamin Martinez, Gerard Masaro, Judy Viglione, or Lloyd White ("the Pennsylvania Defendants"). With regard to these defendants, Collins sues them "individually for their actions and decisions and for their failure to adequately instruct, train, supervise, control and discipline its agents and employees; and for allowing and supporting such customs, practices, and usages within the Parole Board all of which were deliberately indifferent to the rights of citizens . . ." (Complaint, ¶8). The complaint contains no allegations that these individual Pennsylvania Defendants did anything at all. The complaint claims that employees of the Pennsylvania Board of Probation and Parole made a decision – in Pennsylvania – to not keep Collins in custody, but instead to put Collins on a bus back to the place from which Collins arrived in Pennsylvania.

The Pennsylvania Defendants have filed a motion to dismiss the complaint. This brief supports that motion.

## QUESTIONS PRESENTED

I. Whether this Court lacks personal jurisdiction of the Pennsylvania Defendants.

II. Whether the complaint fails to state a viable claim that the Pennsylvania Defendants had personal involvement in any constitutional violation.

## ARGUMENT

**I. THIS COURT LACKS PERSONAL JURISDICTION OF THE PENNSYLVANIA DEFENDANTS.**

A federal district court may exercise personal jurisdiction over a nonresident defendant consistent with due process when the defendant has "certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe Co. v. State of Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)). The defendant's contact with the forum state must be purposeful and such that the defendant "should reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980). A party may anticipate being haled into court in a particular jurisdiction if it "purposefully directed" its activities at residents of the forum, and the litigation results from alleged injuries that "arise out of or relate to" those activities. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985). Contacts with the forum state must be more than random, fortuitous, or attenuated. *Id.* at 475.

None of the named Pennsylvania Defendants, or any other employee of the Pennsylvania Board of Probation and Parole, has purposefully directed his or her

activities at residents of Oklahoma so as to establish minimum contacts with Oklahoma or to reasonably anticipate being haled into court in Oklahoma.  Simply listing an outstanding warrant on the NCIC database cannot be construed as a purposeful effort to target citizens of any particular state.  *See*, *e.g.*, *Cook v. Holzberger*, 788 F. Supp. 347, 351 (S.D. Ohio 1992) (posting a warrant on the NCIC system is not an act of purposeful availment); *Webber v. Michela*, 633 F.2d 518, 519 (8th Cir. 1980) (same).  Courts have held that contacting the forum state by telephone or mail is "insufficient to justify exercise of personal jurisdiction" under the due process clause.  *Porter v. Berall*, 293 F.3d 1073, 1076 (8th Cir. 2002).

In *Snyder v. Snyder*, No. 06-3072, 2007 WL 894415 (D. Minn. March 21, 2007), a routine traffic stop in Minnesota resulted in the arrest of a motorist for an outstanding warrant from Colorado.  The court held that it did not have personal jurisdiction of individuals from the Colorado sheriff's office that communicated by facsimile with officials in Minnesota with regard to the motorist.  *Id*. at *4.  The court concluded that "[i]n short, the warrant, fax, and alleged transfer of information are not enough to establish that defendants have availed themselves of the benefits and protections of Minnesota." *Id*.

Similarly, a Pennsylvania man who was jailed in Pennsylvania for a period of months on a warrant from Georgia could not sue the Georgia police officer responsible for lodging the arrest warrant by filing suit in federal district court in Pennsylvania. *Williams v. Ponder*, No. 08-CV-4086, 2009 WL 3152129 (E.D.Pa. Sept. 30, 2009).  The court held that "[t]he mere issuance of an arrest warrant that foreseeably caused Williams

to be arrested in Pennsylvania, however, does not provide sufficient contacts with Pennsylvania for this court to exercise jurisdiction. An officer cannot reasonably expect to be haled into court in Pennsylvania because he sought a warrant in Georgia based on a violation of Georgia law." *Id*. at *3; *see also Bush v. Adams*, No. 07-4936, 2008 WL 4791647 (E.D.Pa. Nov. 3, 2008) (no personal jurisdiction in Pennsylvania over Virginia police officers who issued a warrant for plaintiff's arrest and made calls to Pennsylvania to ensure that local authorities acted on the warrants); *Cote v. Kontos*, No. 88 C 4751, 1989 WL 10854 (N.D. Ill. Feb. 8, 1989).

In *Lee v. City of Los Angeles*, 250 F.3d 668 (9th Cir. 2001), employees of the City of Los Angeles and the New York State Department of Correctional Services mistakenly identified a mentally disabled Los Angeles resident as a person who was wanted for absconding from a prison work-release program in New York. The defendants examined information available on the NCIC system, and the New York officials sent a packet of information to the Los Angeles officials. *Lee*, 250 F.3d at 678. Certain New York officials traveled to Los Angeles, took custody of the plaintiff, and transported the plaintiff to New York, where he remained incarcerated. *Id*. The Ninth Circuit in *Lee* affirmed the holding that there can be no personal jurisdiction of the New York officials "who did not significantly participate in the extradition of [plaintiff] and whose interaction with [plaintiff] took place solely in New York State." *Id*. at 692. Accordingly, there was personal jurisdiction in California only for those New York officials who actually traveled to California to take custody of the plaintiff. *See also Nugent v. Los Angeles Cty.*, 21 Fed.Appx. 605 (9th Cir. 2001).

In this case, none of the Pennsylvania defendants are alleged to have traveled to Oklahoma. Employees of "the Parole Board" allegedly determined upon Collins' arrival in Pennsylvania that he was not subject to any warrant in Pennsylvania, and so they sent him back to Oklahoma. This conduct is insufficient to establish the purposeful minimum contacts necessary for personal jurisdiction in Oklahoma. The Pennsylvania Defendants must, therefore, be dismissed from this action with prejudice for lack of personal jurisdiction.

## II. THE COMPLAINT FAILS TO STATE A VIABLE CLAIM THAT THE PENNSYLVANIA DEFENDANTS HAD PERSONAL INVOLVEMENT IN ANY CONSTITUTIONAL VIOLATION.

Even if the Pennsylvania Defendants were subject to personal jurisdiction in this Court, the complaint fails to state a viable claim against them. In an action brought pursuant to 42 U.S.C. § 1983, a defendant cannot be held liable unless he or she caused or personally participated in the alleged constitutional violation. *Dawson v. Johnson*, 266 Fed.Appx. 713, 716 (10th Cir. 2008) (citing *Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996)). A *respondeat superior* theory of liability cannot form the basis of a § 1983 claim. *Id.* (citing *McKee v. Heggy*, 703 F.3d 479, 483 (10th Cir. 1983)).

Plaintiff Collins has clearly based his claim against the Pennsylvania Defendants on a *respondeat superior* theory of liability. With regard to defendants Catherine McVey, Charles Fox, Michael Green, Jeffrey Imboden, Matthew Mangino, Benjamin Martinez, Gerard Masaro, Judy Viglione, and Lloyd White, the complaint seeks redress against them "individually for their actions and decisions and for their failure to adequately instruct, train, supervise, control and discipline its agents and employees; and

6

for allowing and supporting such customs, practices, and usages within the Parole Board all of which were deliberately indifferent to the rights of citizens . . ." (Complaint, ¶8). The complaint does not state that any of these defendants took any action at all that could be construed as personal involvement with Collins. The motion of these defendants to dismiss the complaint against them, therefore, should be granted, and they should be dismissed from this civil action.

## CONCLUSION

For each of these reasons, the motion of the Pennsylvania Defendants to dismiss the complaint should be granted, and these defendants should be dismissed from this civil action with prejudice.

**Respectfully submitted,**

**THOMAS W. CORBETT, Jr.**
**Attorney General**

**By:**   **s/ *Patrick S. Cawley***
**PATRICK S. CAWLEY**
**Deputy Attorney General**

**Office of Attorney General**          **SUSAN J. FORNEY**
**Litigation Section**                   **Chief Deputy Attorney General**
**15th Floor, Strawberry Square**        **Chief, Litigation Section**
**Harrisburg, PA 17120**
**Direct: (717) 783-3146**               **Counsel for Pennsylvania Defendants**
**Fax:   (717) 772-4526**

**Date: November 2, 2009**

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **LARRY COLLINS,** ) | |
| ) | No. CIV-09-756-W |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | |
| ) | |
| **WILLIAM CITTY, <u>et al.</u>,** ) | |
| ) | |
| **Defendants.** ) | |

**CERTIFICATE OF SERVICE**

    I, Patrick S. Cawley, hereby certify that on this date I served a copy of the foregoing Brief in Support of the Motion of the Pennsylvania Defendants to Dismiss the Complaint upon the following individuals:

Morris W. Thompson, Esquire
MORRIS W. THOMPSON LAW FIRM, P.A.
P.O. Box 662
Little Rock, AR 72203
*Attorney for Plaintiff*

Anthony Q. Coleman, Esquire
GOZA LAW FIRM
101 Park Avenue, Suite 460
Oklahoma City, OK 73102
*Attorney for Plaintiff*

James B. Robertson, Esquire
DISTRICT ATTORNEY'S OFFICE
320 Robert S. Kerr Avenue, Suite 505
Oklahoma City, OK 73102
*Attorney for Defendants Whetsel and Stevenson*

Stacey Haws Felkner, Esquire
Susan A. Knight, Esquire
FENTON FENTON SMITH RENEAU & MOON
211 North Robinson Avenue, Suite 800N
Oklahoma City, OK 73102
*Attorneys for Defendant Lawson*

8

Richard C. Smith, Esquire
Timothy L. Weston, Esquire
MUNICIPAL COUNSELOR'S OFFICE
200 North Walker Avenue, Suite 400
Oklahoma City, OK 73102
*Attorneys for Defendant City*

                s/ *Patrick S. Cawley*
                **PATRICK S. CAWLEY**
                **Deputy Attorney General**

**Date: November 2, 2009**