IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

LARRY COLLINS                                                                                   PLAINTIFF

v.                                        CASE NUMBER CIV-09-756-W

WILLIAM CITTY, et al.                                                                       DEFENDANTS

**PLAINTIFF'S RESPONSE IN OPPOSITION TO THE PENNSYLVANIA DEFENDANTS' MOTION TO DISMISS**

Larry Collins, the Plaintiff herein, submits this RESPONSE IN OPPOSITION TO THE PENNSYLVANIA DEFENDANTS' MOTION TO DISMISS and states the following:

**I.**

**Facts.**

The facts of this case have been fully set forth in Larry Collins's ("Mr. Collins") July 20, 2009 complaint and the November 2, 2009 motion to dismiss filed by separate Defendants Catherine McVey, Charles Fox, Michael Green, Jeffrey Imboden, Matthew Mangino, Benjamin Martinez, Gerard Masaro, Judy Viglione, and Lloyd White ("Pennsylvania Defendants"). The Pennsylvania Defendants err in their motion to dismiss, however, in their assertion that Mr. Collins's complaint states no allegations regarding actions or decisions by them against him.

Mr. Collins's complaint can and should be read to allege that the Pennsylvania Defendants retained or caused to be retained agents for the purpose of extraditing him from Oklahoma to Pennsylvania, and in the course of that extradition, those agents violated his rights under federal and state law. (Compl. ¶¶ 8, 45-52, 61-66, 69, 72-80).

**II.**

**Argument.**

*A. This Court has personal jurisdiction over the Pennsylvania Defendants.*

The plaintiff bears the burden of establishing personal jurisdiction over the defendant. Kennedy v. Freeman, 919 F.2d 126, 128 (10th Cir. 1990) (quoting Behagen v. Amateur Basketball Ass'n of the United States, 744 F.2d 731, 733 (10th Cir. 1984)). Prior to trial, however, when a motion to dismiss for lack of jurisdiction is decided on the basis of affidavits and other written materials, the plaintiff need only make a prima facie showing. Id. The allegations in the complaint must be taken as true to the extent they are uncontroverted by the defendant's affidavits. Id. If the parties present conflicting affidavits, all factual disputes are resolved in the plaintiff's favor, and the plaintiff's prima facie showing is sufficient notwithstanding the contrary presentation by the moving party. Id.

In the preliminary stages of litigation, the plaintiff's burden of demonstrating that the court has personal jurisdiction is not onerous. Doe v. Nat'l Med. Servs., 974 F.2d 143, 145 (10th Cir. 1992). If the court is satisfied that a defendant had purposeful contacts with a state, the burden shifts to the defendant to make a compelling case demonstrating why the court's exercise of personal jurisdiction would be unjust. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 477 (1985). In a diversity action, forum law determines whether a plaintiff has made a prima facie showing of minimum contacts to establish jurisdiction. Yarbrough v. Elmer Bunker & Assocs., 669 F.2d 614, 616 (10th Cir. 1982). A plaintiff must satisfy the requirements of the forum's long-arm statute as well as the federal constitution to establish personal jurisdiction. Equifax Servs., Inc. v. Hitz, 905

F.2d 1355, 1357 (10th Cir. 1990). Oklahoma's long-arm statute jurisdiction is coextensive with the constitutional limitations imposed by the Due Process Clause. Rambo v. Am. S. Ins. Co., 839 F.2d 1415, 1416-1417 (10th Cir. 1988).

If jurisdiction is consistent with the Due Process Clause, Oklahoma's long-arm statute[1] authorizes jurisdiction over a nonresident defendant. Kennedy v. Freeman, 919 F.2d 126, 128 (10th Cir. 1990). A federal court sitting in diversity may exercise personal jurisdiction over a nonresident defendant only so long as there exist minimum contacts between the defendant's and the forum state. Id. at 128 (citing Rambo v. Am. S. Ins. Co., 839 F.2d 1415, 1417 (10th Cir. 1988). The defendant's contacts with the forum state must be such that maintenance of the suit does not offend traditional notions of fair play and substantial justice. Id.

In order to establish specific jurisdiction, the defendant must do some act that represents an effort by the defendant to purposefully avail himself of the privilege of conducting activities within the forum state. Hanson v. Denckla, 357 U.S. 235, 253 (1958). A defendant does so when she purposefully directs his foreign acts so that they have an effect in the forum state. Lanier v. Am. Bd. of Endodontics, 843 F.2d 901, 910 (6th Cir. 1988). The purposeful availment requirement serves two functions. Kennedy v. Freeman, 919 F.2d 126, 128 (10th Cir. 1990). First, it identifies acts that a defendant would reasonably expect to subject him to jurisdiction in the particular forum. Id. Second, it ensures that only the defendant's acts directed at the forum establish jurisdiction.

---

[1] Oklahoma's long-arm statute provides: "A court of this state may exercise jurisdiction on any basis consistent with the Constitution of this state and the Constitution of the United States." Okla. Stat. tit. 12, § 2004(F).

Rambo v. Am. S. Ins. Co., 839 F.2d 1415, 1419 (10th Cir. 1988) (citing Burger King v. Rudzewicz, 471 U.S. 462, 474-475 (1985)). Random, fortuitous, or unilateral acts of other parties cannot be the basis for jurisdiction. Id.

The core of the Pennsylvania Defendants' personal jurisdiction objection is that they did not personally direct any of their activities to State of Oklahoma, rather, they only listed an outstanding warrant for Mr. Collins in the National Crime Information Center database. (Br. in Support of the Mot. of the Pa. Defs. To Dismiss the Compl. 3-6). Although the Pennsylvania Defendants may not have personally traveled to Oklahoma to extradite Mr. Collins, they did retain or caused to be retained agents for the purpose of extraditing him from Oklahoma to Pennsylvania, and in the course of that extradition, those agents violated his rights under federal and state law. (Compl. ¶¶ 8, 45-52, 61-66, 69, 72-80). For purposes of personal jurisdiction, the actions of an agent may be attributed to the principal. Burger King v. Rudzewicz, 471 U.S. 462, 480 n.22 (stating that commercial activities carried out on a party's behalf may sometimes be ascribed to the party, but declining to resolve the permissible bounds of such attribution); Grand Entm't Group, Ltd. v. Star Media Sales, Inc., 988 F.2d 476, 483 (3d Cir. 1993) (stating that activities of a party's agent may count toward the minimum contacts necessary to support jurisdiction); Sher v. Johnson, 911 F.2d 1357, 1362 (9th Cir. 1990) (stating that the actions of an agent are attributed to the principal for personal jurisdiction purposes).

Because the Pennsylvania Defendants retained or caused to be retained agents for the purpose of extraditing Mr. Collins from Oklahoma to Pennsylvania, and in the course of that extradition, those agents violated his rights under federal and state law, this Court

has personal jurisdiction over the Pennsylvania Defendants. <u>Burger King</u>, 471 U.S. at 480 n.22; <u>Grand Entm't Group</u>, 988 F.2d at 483; <u>Sher</u>, 911 F.2d at 1362.

Mr. Collins has a good faith belief that the Pennsylvania Defendants have possession of facts demonstrating that they have contacts with Oklahoma sufficient to support personal jurisdiction. At this early stage of this litigation, if the Court was to agree with the Pennsylvania Defendants that personal jurisdiction over them is lacking, Mr. Collins requests that the Court allow limited discovery to afford him an opportunity to unveil facts demonstrating the existence of personal jurisdiction over the Pennsylvania Defendants.

*B. Mr. Collins has not asserted a respondeat superior theory against the Pennsylvania Defendants*

In reviewing a motion to dismiss under Fed. R. Civ. P. 12(b)(6), this Court is to assume that the factual allegations of the complaint are true and is to construe those facts in favor of the plaintiff, even if it strikes a savvy judge that actual proof of those facts is improbable. <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544 (2007). In civil rights cases, the complaint should be liberally construed. <u>Frey v. City of Herculaneum</u>, 44 F.3d 667, 671 (8th Cir. 1995). The simplified notice pleading standard of Fed. R. Civ. P. 8(a) requires only that a complaint give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. <u>Swierkiewicz v. Sorema N.A.</u>, 534 U.S. 506, 512 (2002). A court is to assume that the factual allegations of a complaint are true and is to construe those facts in favor of the plaintiff, even if it strikes a savvy judge that actual proof of those facts is improbable. <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544 (2007).

To establish a claim for damages under § 1983 against municipal entities or local government bodies, the plaintiff must prove (1) the entity executed a policy or custom (2) that caused the plaintiff to suffer deprivation of constitutional or other federal rights. Moss v. Kopp, 559 F.3d 1155, 1168-1169 (10th Cir. 2009). A municipality cannot be held liable under § 1983 on a respondeat superior theory. Id. A municipality can be liable under § 1983 if the final policymaker takes the unconstitutional action. Melton v. City of Oklahoma City, 879 F.2d 706, 724 (10th Cir. 1989), *rev'd en banc in part on other grounds*, 928 F.2d 920 (10th Cir. 1991).

There are two situations where municipal liability may be found even though the action is taken by an individual other than the final policymaker. Id. First, egregious attempts by local government to insulate itself from liability for unconstitutional policies will be precluded if the plaintiff establishes the existence of a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the force of law. Id. (quoting City of St. Louis v. Praprotnik, 485 U.S. 112, 127 (1988)). Second, if a subordinate's position is subject to review by the municipality's authorized policymakers and the authorized policymakers approve a subordinate's decision and the basis for it, their ratification will be chargeable to the municipality. Id.

Proof of a single incident of unconstitutional activity is ordinarily not sufficient to impose municipal liability, and where a plaintiff seeks to impose municipal liability on the basis of a single incident, the plaintiff must show the particular illegal course of action was taken pursuant to a decision made by a person with authority to make policy

decisions on behalf of the entity being sued. <u>Jenkins v. Wood</u>, 81 F.3d 988, 994 (10th Cir. 1996).

Mr. Collins has alleged that the Pennsylvania Defendants executed a policy or custom that caused him to suffer a deprivation of constitutional rights, other federal rights, and state law rights. (Compl. ¶¶ 8, 45-52, 61-66, 69, 72-80). He has also alleged the existence of a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the force of law. (Compl. ¶¶ 8, 45-52, 61-66, 69, 72-80). Likewise, he has alleged that the Pennsylvania Defendants' agents' actions were and are subject to review by the Pennsylvania Defendants and they approved their agents' actions that resulted in a deprivation of Mr. Collins's federally protected rights. (Compl. ¶¶ 8, 45-52, 61-66, 69, 72-80).

Mr. Collins complaint is sufficiently pleaded that he should be afforded the opportunity to show the illegal course of action by the agents of the Pennsylvania Defendants was taken pursuant to a decision made by the Pennsylvania Defendants. At this stage of this litigation, the allegations in Mr. Collins's complaint should be accepted as true, even if the Court is of the view that actual proof of those facts is improbable. <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544 (2007).

**III.**

Because the Pennsylvania Defendants retained or caused to be retained agents for the purpose of extraditing Mr. Collins from Oklahoma to Pennsylvania, and in the course of that extradition, those agents violated his rights under federal and state law, this Court

7

has personal jurisdiction over the Pennsylvania Defendants. Moreover, Mr. Collins has a good faith belief that the Pennsylvania Defendants have possession of facts demonstrating that they have contacts with Oklahoma sufficient to support personal jurisdiction. At this early stage of this litigation, if the Court was to agree with the Pennsylvania Defendants that personal jurisdiction over them is lacking, Mr. Collins requests that the Court allow limited discovery to afford him an opportunity to unveil facts demonstrating the existence of personal jurisdiction over the Pennsylvania Defendants.

Additionally, Mr. Collins complaint is sufficiently pleaded that he should be afforded the opportunity to show the illegal course of action by the agents of the Pennsylvania Defendants was taken pursuant to a decision made by the Pennsylvania Defendants. At this stage of this litigation, the allegations in Mr. Collins's complaint should be accepted as true, even if the Court is of the view that actual proof of those facts is improbable.

For all the foregoing reasons, the Pennsylvania Defendants' motion to dismissed should be denied.

Respectfully submitted,

/s/ Morris Thompson
Morris W. Thompson
ABN#80145
Morris W. Thompson Law Firm, P.A.
P.O. Box 662
Little Rock, AR 72203
(501) 661-8100
(501) 372-4101
mwthompsonlaw@sbcglobal.net

/s/Anthony Q. Coleman
Anthony Q. Coleman
Goza Law Firm
101 Park Avenue, Suite 460
Oklahoma City, OK 73102

**CERTIFICATE OF SERVICE**

      We, the undersigned attorneys for Larry Collins, the Plaintiff herein, certify that the foregoing RESPONSE IN OPPOSITION TO THE PENNSYLVANIA DEFENDANTS' MOTION TO DISMISS has been served on November 20, 2009 using the Court's CM/ECF system, which will send notification of the filing to:

Thomas W. Corbett, Jr., Attorney General
Patrick s. Cawley, Deputy Attorney General
Susan J. Forney, Chief Deputy Attorney General
Office of the Attorney General
Litigation Section
15th Floor, Strawberry Square
Harrisburg, PA 17120

James B. Robertson
District Attorney's Office
320 Robert S. Kerr Avenue, Suite 505
Oklahoma City, OK 73102

Stacey Haws Felkner
Susan A. Knight
Fenton Fenton Smith Reneau & Moon
211 North Robinson Avenue, Suite 800N
Oklahoma City, OK 73102

Richard C. Smith
Timothy L. Weston
Municipal Counselor's Office
200 North Walker Avenue, Suite 400
Oklahoma City, OK 73102

                                            /s/ Morris W. Thompson
                                            Morris W. Thompson

                                            /s/Anthony Q. Coleman
                                            Anthony Q. Coleman