IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| LARRY COLLINS | ) | |
| | ) | |
| PLAINTIFF | ) | |
| | ) | |
| VS. | ) | CASE NO.5:09-cv-00756-W |
| | ) | |
| WILLIAM CITTY, individually and in his official capacity, et al., | ) ) ) | |
| DEFENDANTS | | |

## MOTION TO COMPEL

Comes now the Plaintiff herein, Larry Collins (Collins), by and through his attorneys, the Morris W. Thompson Law Firm, P.A., and Tony Q. Coleman, and for his Motion to Compel, states as follows:

1. This Court, by Order dated January 8, 2010, gave Collins 90 days from the date of its order to obtain discovery from the Pennsylvania defendants and upon sufficient evidentiary basis, amend his complaint to name additional defendants.

2. Collins calculates the date by which this is to be accomplished is April 8, 2010.

3. On February 8, 2010, putative defendant, Katherine McVey (McVey), provided her response to Collins' interrogatory.

4. McVey's answer was evasive, incomplete, and unresponsive to the questions posed and thus is tantamount to a failure to answer pursuant to Rule 37 (a) (3).

5. Attached hereto as exhibit "A" is Collins' interrogatory and McVey's impermissible response.

6. In compliance with Rule 37 (a) (1) (2) (A), Federal Rules of Civil Procedure and local rule, LCvR37.1, Plaintiff's counsel has, in good faith, attempted to confer with opposing in an effort to secure competent answers without court action. See correspondence attached hereto as exhibit B.

6. As of the filing of this motion, McVey has responded no further nor provided responses to Collins' Interrogatory.

7. The deadline set by the Court's Order is fast approaching. If the requested discovery is not quickly provided, Collins will not have meaningful opportunity to competently utilize the discovery prior to the Court's deadline. The progress of this case is being impeded by McVey's inaction and delay. Collins has no choice but to seek this Court's assistance in obtaining McVey's responses.

8. The Federal Rules of Civil Procedure provide that a Court granting a Motion to Compel must require the party whose conduct necessitated the motion to pay the moving party the reasonable expenses incurred in making the motion, including the moving party's attorney's fees, assuming the moving party made a good faith effort to secure discovery responses without court action. See Fed. R. Civ. P. 37(a) (4) (A).

9. Because Collins made a good faith effort to obtain the requested discovery before filing this motion, and McVey has nevertheless refused to provide the responses, this Court should require the McVey to pay the expenses and fees Collins incurred in making this motion.

10. This Motion is accompanied by a brief filed simultaneously herewith and incorporated herein.

WHEREFORE, Plaintiff prays that this Court enter an Order Compelling Defendant to provide full and competent answers as required by Fed. R. Civ. P. 26 (a) and respond to Plaintiff's

Interrogatory.  Plaintiff further prays that the Court require Defendant to pay the attorney's fees and costs incurred in making this motion; and that the Court's Order warn Defendant that such failure to comply with the Orders in the future will result in appropriate sanctions.

Wherefore, Plaintiff respectfully request that the court grant his motion and enter an order compelling McVey to more fully answer the interrogatory or interrogatories; for attorney fees and costs incurred in making this motion; for an extension of the time within which to amend, due to the time lost as a result of McVey's deliberate noncompliance; and, a warning to Defendant that such failure in the future to comply with the Court's orders will result in appropriate sanctions..

        Respectfully submitted for
        Larry Collins, plaintiff herein

        *Morris W. Thompson*

        Morris W. Thompson, ABN#80145

        Morris W. Thompson Law Firm, P.A.
        P. O. Box 662
        Little Rock, AR  72203
        (501) 661-8100
        (501) 372-4101
        mwthompsonlaw@sbcglobal.net

        and

        _____ s _____
        Anthony Q. Coleman, OBA No. 21494
        GOZA, WASHINTON & COLEMAN
        101 Park Avenue, Suite 460
        Oklahoma City, Oklahoma 73102
        Tele.: 405.604.2800
        Facsimile: 405.601.4309

## CERTIFICATE OF SERVICE

      We, the undersigned attorneys for Larry Collins, the Plaintiff herein, certify that the foregoing has been served on March 1, 2010, using the Court's CM/ECF system, which will send notification of the filing to:

Thomas W. Corbett, Jr., Attorney General
Patrick s. Cawley, Deputy Attorney General
Susan J. Forney, Chief Deputy Attorney General
Office of the Attorney General
Litigation Section
15th Floor, Strawberry Square
Harrisburg, PA 17120

James B. Robertson
District Attorney's Office
320 Robert S. Kerr Avenue, Suite 505
Oklahoma City, OK 73102

Stacey Haws Felkner
Susan A. Knight
Fenton Fenton Smith Reneau & Moon
211 North Robinson Avenue, Suite 800N
Oklahoma City, OK 73102

Richard C. Smith
Timothy L. Weston
Municipal Counselor's Office
200 North Walker Avenue, Suite 400
Oklahoma City, OK 73102

*Morris W. Thompson* (signature)
Morris W. Thompson

_____/s/_____
Anthony Q. Coleman