IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LARRY COLLINS, ) | |
| ) | No. CIV-09-756-W |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| WILLIAM CITTY, <u>et al.</u>, ) | |
| ) | |
| Defendants. ) | |

### BRIEF IN OPPOSITION TO THE
### MOTION OF PLAINTIFF TO COMPEL DISCOVERY

### STATEMENT OF THE CASE

The plaintiff, Larry Collins, commenced this civil action by filing the complaint on July 20, 2009. Plaintiff Collins alleges that, following an argument with a security guard in the parking lot of a liquor store, defendant Lawson of the Oklahoma City Police Department ran Collins' name through the National Crime Information Center ("NCIC") database. (Complaint, ¶¶26-30). The database indicated that there was an arrest warrant from the Pennsylvania Board of Probation and Parole for Larry Collins with a birthdate matching that of the plaintiff. (Complaint, ¶30). Defendant Lawson arrested Collins. (Complaint, ¶¶31-32).

Collins claims that he sustained injuries as a result of the handcuffs being applied too tightly. (Complaint, ¶¶34-36). Collins alleges that he was transported to Pennsylvania without being informed of his rights or having an opportunity to challenge the extradition. (Complaint, ¶¶43, 45). Once he arrived in Pennsylvania, "the Parole Board" determined that Collins was not the person whom the Board wanted under the

outstanding warrant. (Complaint, ¶51). Accordingly, "the Parole Board placed [Collins] on a Greyhound bus for the two-day journey back to Oklahoma City, Oklahoma." (*Id*.). Collins claims that he was denied adequate medical care after his arrest in Oklahoma City, during his transportation to Pennsylvania, and as a result of the decision of the "Parole Board" to send Collins back to Oklahoma by bus. (Complaint, ¶¶44, 48-49, 51-52).

This Court granted the motion of the Pennsylvania Defendants to dismiss the complaint but permitted plaintiff to conduct discovery to determine whether the Court has personal jurisdiction over any non-resident of Oklahoma. Plaintiff served Catherine McVey with interrogatories and requests for production of documents. Catherine McVey submitted responses to each, along with a set of documents responsive to plaintiff's discovery requests. Plaintiff has now moved to compel answers to his interrogatories. Although plaintiff attached as an exhibit to his motion the answer of Catherine McVey to plaintiff's interrogatories, he neglected to attach the responses of Catherine McVey to plaintiff's request for production of documents. Those responses are attached to this brief as Exhibits A and B.

## QUESTION PRESENTED

Whether the motion to compel discovery and request for attorneys' fees should be denied.

## ARGUMENT

**THE MOTION TO COMPEL DISCOVERY AND REQUEST FOR ATTORNEYS' FEES SHOULD BE DENIED.**

There is no dispute between plaintiff and Catherine McVey that plaintiff is entitled to submit written discovery under Rules 33 and 34 of the Federal Rules of Civil Procedure. Catherine McVey responded to plaintiff's discovery requests in good faith and in accordance with Rule 33(d) of the Federal Rules of Civil Procedure, however, and there is no basis for the award of attorneys' fees to plaintiff. To the extent that this Court disagrees with Catherine McVey that the information sought in plaintiff's interrogatories was completely available to plaintiff in the documents provided, then McVey requests the opportunity to provide an amended answer to plaintiff's interrogatories.

Because Catherine McVey provided all documents in the possession of the Pennsylvania Board of Probation and Parole that relate to the plaintiff, she responded to plaintiff's interrogatories by reference to Rule 33(d) of the Federal Rules of Civil Procedure, which states as follows:

> If the answer to an interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing a party's business records (including electronically stored information), and if the burden of deriving or ascertaining the answer will be substantially the same for either party, the responding party may answer by (1) specifying the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could; and (2) giving the interrogating party a reasonable opportunity to examine and audit the records and to make copies, compilations, abstracts, or summaries.

Fed.R.Civ.P. 33(d). As Exhibit B to this brief reveals, the documents produced by Catherine McVey contain e-mails and other records bearing the names of every employee

3

who had any involvement with the plaintiff's circumstances. Plaintiff's only argument seems to be that the burden of deriving the answer will not be substantially the same for either party.

In support of this argument, he attaches as exhibits two pages from a set of documents, most of which are vastly more informative on their face than the two pages submitted by plaintiff. The page labeled as Exhibit A to plaintiff's brief clearly indicates that it is a record maintained by the Pennsylvania State Police, which is a completely distinct entity from the Pennsylvania Board of Probation and Parole, of which Catherine McVey is the Chairman. *See* 61 Pa.C.S. § 6111 (establishing the Pennsylvania Board of Probation and Parole). Plaintiff's argument on page 3 of his brief that the Chairman of the Parole Board will have "the institutional knowledge and memory of the staff persons involved in these communications" is clearly without merit to the extent that plaintiff cites to documents from an entity with which McVey is not affiliated in any way. Catherine McVey can provide no detailed information about the Pennsylvania State Police. There is no need to do so, however, because the documents produced to plaintiff contain the correspondence of Parole Board employees who were involved in plaintiff's circumstances.

The documents produced to plaintiff, which are attached as an exhibit to this brief, contain the names of any and all individuals who had any involvement with the plaintiff. Plaintiff has failed to show how the information sought in the interrogatories cannot be determined by reviewing the documents that were produced. To the extent that plaintiff calls McVey's discovery responses "evasive," the Court must ask what information

4

McVey has denied the plaintiff. If plaintiff cannot determine the name of the person who supervised Larry Collins' parole, as plaintiff contends on page 2 of his brief, it should be noted that the plaintiff claims he is not the same Larry Collins, and no such information about parole supervision of a different person in a different state will provide any information relevant to the Court's personal jurisdiction in Oklahoma. The requested information about persons who contacted various entities in Oklahoma, however, is clearly contained in the documents produced by Catherine McVey.

Ultimately, if this Court were to direct Catherine McVey to provide an amended answer to plaintiff's interrogatories, the documents already provided to plaintiff will be the source of that information. Although the information sought by plaintiff has been provided in the form of the documents, Catherine McVey will agree to provide an amended answer to interrogatories if it will facilitate the resolution of this motion and the issue of personal jurisdiction. Plaintiff has not provided a sufficient basis, however, for the imposition of sanctions. In accordance with Rule 37(a)(5)(A)(ii), the reliance by Catherine McVey on Rule 33(d) when answering plaintiff's interrogatories was substantially justified, thereby making the award of expenses or fees inappropriate.

## **CONCLUSION**

For each of these reasons, the motion of the plaintiff to compel discovery and request for the award of attorneys' fees should be denied. In the alternative, the Court should order that an amended answer to plaintiff's interrogatories should be provided without the imposition of sanctions under Rule 37.

                                      **Respectfully submitted,**

                                      **THOMAS W. CORBETT, Jr.**
                                      **Attorney General**

**By:**    **s/ *Patrick S. Cawley***
           **PATRICK S. CAWLEY**
           **Deputy Attorney General**

| | |
|---|---|
| **Office of Attorney General** | **SUSAN J. FORNEY** |
| **Litigation Section** | **Chief Deputy Attorney General** |
| **15th Floor, Strawberry Square** | **Chief, Litigation Section** |
| **Harrisburg, PA 17120** | |
| **Direct: (717) 783-3146** | **Counsel for Catherine McVey** |
| **Fax:   (717) 772-4526** | |

**Date: March 5, 2010**

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **LARRY COLLINS,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**WILLIAM CITTY, <u>et</u> <u>al.</u>,** )<br>)<br>**Defendants.** ) | No. CIV-09-756-W |

**CERTIFICATE OF SERVICE**

    I, Patrick S. Cawley, hereby certify that on this date I served a copy of the foregoing Brief in Opposition to Plaintiff's Motion to Compel Discovery upon the following individuals:

Morris W. Thompson, Esquire
MORRIS W. THOMPSON LAW FIRM, P.A.
P.O. Box 662
Little Rock, AR 72203
*Attorney for Plaintiff*

Anthony Q. Coleman, Esquire
GOZA LAW FIRM
101 Park Avenue, Suite 460
Oklahoma City, OK 73102
*Attorney for Plaintiff*

James B. Robertson, Esquire
DISTRICT ATTORNEY'S OFFICE
320 Robert S. Kerr Avenue, Suite 505
Oklahoma City, OK 73102
*Attorney for Defendants Whetsel and Stevenson*

Stacey Haws Felkner, Esquire
Susan A. Knight, Esquire
FENTON FENTON SMITH RENEAU & MOON
211 North Robinson Avenue, Suite 800N
Oklahoma City, OK 73102
*Attorneys for Defendant Lawson*

Richard C. Smith, Esquire
Timothy L. Weston, Esquire
MUNICIPAL COUNSELOR'S OFFICE
200 North Walker Avenue, Suite 400
Oklahoma City, OK 73102
*Attorneys for Defendant City*

                                                    s/ *Patrick S. Cawley*
                                                    **PATRICK S. CAWLEY**
                                                    **Deputy Attorney General**

**Date: March 5, 2010**