**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| LARRY COLLINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-09-756-W |
| | ) | |
| WILLIAM CITTY, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT LAWSON'S, IN HER OFFICIAL CAPACITY,**
**MOTION TO DISMISS PLAINTIFF'S OFFICIAL**
**CAPACITY CLAIM AND BRIEF IN SUPPORT**

COMES NOW a Defendant, Katie Lawson, in her official capacity, and hereby moves this Court to dismiss this Defendant from being named in an official capacity in Plaintiff's Amended Complaint as is more specifically argued in the Brief in Support filed herewith.

**BRIEF IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S**
**OFFICIAL CAPACITY CLAIM AGAINST DEFENDANT MOTLEY**

COMES NOW a Defendant Katie Lawson, in her official capacity, and for her Brief in Support of her Motion to Dismiss Plaintiff's Official Capacity Claim, alleges and states as follows:

**STATEMENT OF FACTS**

1.     On March 29, 2010, Plaintiff filed his Amended Complaint herein alleging that his constitutional rights under the Fourth and Fourteenth Amendments were violated

by Defendant Lawson's use of force and "conspiring to violate his rights protected by the U.S. and Oklahoma Constitutions…" (Plaintiff's Amended Complaint at ¶ 11)

2.      On May 14, 2010, Plaintiff filed his Second Amended Complaint herein alleging that his constitutional rights under the Fourth and Fourteenth Amendments were violated by Defendant Lawson's use of force and "conspiring to violate his rights protected by the U.S. and Oklahoma Constitutions…" (Plaintiff's Amended Complaint at ¶ 11)

3.      Named as defendants, *inter alia,* in Plaintiff's Second Amended Complaint were the City of Oklahoma City[1] and William Citty, individually and in his official capacity as the Chief of Police for the City of Oklahoma City.

4.      On August 17, 2009, Plaintiff served Defendant Lawson in her individual capacity at her attorney's office and served a summons addressed to Chief William Citty in his official capacity to the Oklahoma City Police Department, 701 Colcord Drive, Oklahoma City, OK 73102 on September 16, 2009.

5.      The official capacity claim is redundant and is not supported legally and should be dismissed.

## ARGUMENTS AND AUTHORITIES

### Proposition No. 1.   Defendant Officer Is Not a Policymaker

---

[1] Plaintiff has sued Co-Defendant William Citty in his individual and official capacities as the Chief of Police for the Oklahoma City Police Department. Suing Co-Defendant Citty is his official capacity is the same as suit the City.  Plaintiff alleges in paragraphs 2 and 3 of his Second Amended Complaint that he is seeking redress against the City of Oklahoma City.  The City of Oklahoma City is not a named Defendant, however it is filing its Answer to the Amended Complaint.

**and Cannot Set Policy for the City of Oklahoma City; Thus
Plaintiff's Official Capacity Claim Should be Dismissed.**

In a §1983 cause of action against a municipality the acts at issue must have done

pursuant to a policy adopted by policymakers. *McMillian v. Monroe County, Alabama*, 520

U.S. 781, 785-86 (1997).  Whether an official has final policymaking authority is a question

of state law.  *Jett v. Dallas Independent School District*, 491 U.S. 701, 737, 109 S Ct 2702

(1989); *St. Louis v. Praprotnik*, 485 U.S. 112, 1223, 108 S.Ct. 915 (1988); and *Pembaur v.

Cincinnati*, 475 US 469, 483, 106 S Ct 1292 (1986) (plurality opinion).

Further, the Court stated in *Pembaur v. Cincinnati,* 475 U.S. 469, 481-83 (1986):

> Municipal liability attaches only where the decisionmaker possesses final
> authority to establish municipal policy with respect to the action ordered.  The
> fact that a particular official – even a policymaking official – has discretion in
> the exercise of particular functions does not, without more, give rise to
> municipal liability based on an exercise of that discretion.   See e.g.,
> Oklahoma City v. Tuttle, 471 US, at 822-824, 85 L Ed 2d 791, 105 S Ct 2427
> (footnote omitted).  The official must also be responsible for establishing final
> government policy respecting such activity before the municipality can be
> held liable.  Authority to make municipal policy may be granted directly by a
> legislative enactment or may be delegated by an official who possesses such
> authority, and of course, whether an official had final policymaking authority
> is a question of state law.

According to the Municipal Code of the City of Oklahoma City at § 43-4[2], only the City

---

[2] This section states:
>    (a) The Chief of Police shall be the chief administrative officer for the Police
>    Department.  All members of the Police Department shall serve subject to the
>    orders of the Chief of Police.
>    (a) [sic] The Chief of Police may prepare and submit to the City Council for its
>    review and approval regulations and procedures relating to policy issues. These
>    policies when approved shall be binding on all members of the Police
>    Department.
>    (b) The Chief of Police may make such other rules and regulations not relating to
>    policy issues as he shall deem advisable.  These rules may cover conduct of

Council and in some circumstances, the Chief of Police, can set policy for the police department and not a police officer. Therefore, official capacity claims against the Defendant Officer is not legally sufficient and should be dismissed.

### Proposition No. 2.  This Defendant Is Entitled to Dismissal from Plaintiff's Official Capacity Claims.

In *Brandon v. Holt*, 469 U.S. 464 (1985), the Supreme Court held that a suit against a public servant in his official capacity was a suit against the entity he represents and that as long as the entity had notice and an opportunity to respond, it did not matter that the entity was not named as a defendant. In *Kentucky v. Graham,* 473 U.S. 159 (1985), the Supreme Court held that the State of Kentucky was not liable for the plaintiffs' attorney fees because the case was a § 1983 case brought against the public officials in their personal capacities. The Court stated at 473 U.S. 165-66:

> Proper application of this principle in damages actions against public officials requires careful adherence to the distinction between personal- and official-capacity suits.[10] Because this distinction apparently continues to confuse lawyers and confound lower courts, we attempt to define it more clearly through concrete examples of the practical and doctrinal differences between personal- and official-capacity actions.
>
> Personal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law. See, e.g., Scheuer v. Rhodes, 416 US 232, 237-238, 40 L Ed 2d 90, 94 S Ct 1683, 71 Ohio Ops 2d 474 (1974). Official-capacity suits, in contrast, "generally represent only another way of pleading an action against an entity of which an officer is an agent." Monell   v. New York City Dept. of Social Services, 436 US 658, 690, n 55, 56 L Ed 2d 611, 98 S Ct 2018 (1978). As long as the government entity receives notice and an opportunity to respond, an

---

members of the Police Department, uniform and equipment to be worn or carried, identification badges, hours of service, vacation and all other similar matters necessary for better efficiency of the Police Department and, when promulgated by the Chief of Police, shall be binding on all members of the Police Department.

official-capacity suit is, in all respects other than name, to be treated as a suit against the entity.  Brandon, supra, at 471-472, 83 L Ed 2d 878, 105 S Ct 873.  It is *not* a suit against the official personally, for the real party in interest is the entity.  Thus, while an award of damages against an official in his personal capacity can be executed only against the official's personal assets, a plaintiff seeking to recover on a damages judgment in an official-capacity suit must look to the government entity itself.  (Emphasis the Court's.) (Footnote omitted.)

_____

[10]Personal-capacity actions are sometimes referred to as individual-capacity actions.

_____

Additionally, in *Lopez v. LeMaster*, 172 F.3d 756, 762 (10th Cir. 1999), the Court held a suit against the Sheriff in his official capacity was the same as a suit against the County.

"[I]t is when the execution of a government policy or custom, whether made by its lawmakers or by those whose edicts . . . represent official policy, inflicts the injury that the government as an entity is responsible under [42 U.S.C.] § 1983." *Monell v. Dept. of Social Services of the City of New York*, 436 U.S. 658 (1978).  *See also, Hinton v. City of Elwood*, 997 F.2d 774, 783 (10th Cir. 1993).  There is no longer a need to bring official capacity actions against local government employees for their actions in implementing or executing policy since such an action can be brought directly against the governmental entity. *Pietrowski v. Town of Dibble*, 134 F.3d 1006, 1009 (10th Cir. 1998).  In such cases it is only the liability of the municipality itself that is an issue and such a distinction must be drawn. *Brandon v. Holt*, 469 U.S. 464 (1985).  An action brought against an official for his action in implementing policy is an action against the entity itself that stands liable.  The parties are

one and the same. *Brandon v. Holt, supra*, 469 U.S. at 471, citing *Monell, supra*, at 436 U.S. 658, 690.

The present action was brought against the City of Oklahoma City and against Defendant OCPD Officer Katie Lawson, in her individual and official capacities. The actions of this Defendant in implementing the policy (if she can) is equated to the action of the entity itself; as such, these parties are one and the same. *Brandon v. Holt*, 469 U.S.464, n. 21.

A judgment which allows recovery against the entity for its policy and against an official for implementation of that policy allows multiple recovery for the same single violation. *See Clappier v. Flynn*, 605 F.2d 519 (10th Cir. 1979). In a case such as this, the officials acting within their authority in implementing policy should not be a party to the action when the entity itself is a party. *Kentucky v. Graham*, 473 U.S. 159, 105 S.Ct. 3099, 3106, n. 14 (1985).

> **Proposition No. 3. Defendant Lawson, in her official**
> **capacity, is entitled to dismissal of Plaintiff's claims for**
> **punitive damages**

At ¶ 87(f) of his Second Amended Complaint, Plaintiff requests that this Court grant him punitive damages. An action against an individual in his official capacity is an action against the entity he represents. *Kentucky v. Graham,* 473 U.S. 159, 165 (1985). In *City of Newport v. Facts Concerts, Inc*., 453 U.S. 247 (1981) the Supreme Court held that a City, which had failed to object to the jury instruction requesting an award of punitive damages against it, was not foreclosed from appellate review and, more

importantly, that a city was immune from punitive damages under 42 U.S.C. § 1983. This case has not been reversed or modified. Plaintiff herein does not limit the request for punitive damages to the individual defendants. The Court must strike Defendant Lawson in her official capacity from such a claim.

> **Proposition No. 4.    Defendant Lawson in her individual capacity cannot be a named defendant as to Plaintiff's State Law Causes of Action**

At paragraphs 83-86 of Plaintiff's Second Amended Complaint, Plaintiff alleges state law causes of action for the torts of false arrest and false imprisonment.  Defendant Lawson states that she is immune from such causes of action as provided by the terms of the Governmental Tort Claims Act (GTCA), 51 O.S. §§ 151-172. Section 153 of the GTCA provides:

> A.    The state or a political subdivision shall be liable for loss resulting from its torts or the torts of its employees acting within the scope of their employment subject to the limitations and exceptions specified in this act and only where the state or political subdivision, if a private person or entity, would be liable for money damages under the laws of this state.  The state or a political subdivision shall not be liable under the provisions of this act for any act or omission of an employee acting outside the scope of his employment.

> B.    The liability of the state or political subdivision under this act shall be exclusive and in place of all other liability of the state, a political subdivision or employee at common law or otherwise.

51 O.S. 2007 Supp. §153(A).

Defendant Lawson asserts that her actions as an officer for the OCPD were taken within the scope of her employment with the City of Oklahoma City. Section 152(9) of the GTCA provides a definition of "scope of employment":

> "Scope of employment" means performance by an employee acting in good faith within the duties of the employee's office or employment or of tasks lawfully assigned by a competent authority including the operation or use of an agency vehicle or equipment with actual or implied consent of the supervisor of the employee, but shall not include corruption or fraud; . . . .

51 O.S. 2007 Supp. § 152(9).

Section 163(C) of the GTCA provides:

> Suits instituted pursuant to the provisions of the act shall name as defendant the state or the political subdivision against which liability is sought to be established. *In no instance shall an employee of the state or political subdivision acting within the scope of his employment be named as defendant* with the exception that suits based on the conduct of resident physicians and interns shall be made against the individual consistent with the provisions of Title 12 of the Oklahoma Statutes.

51 O.S. 2007 Supp. § 163(C) (emphasis added). As Defendant Lawson was acting within the scope of her employment with the City at the time of Plaintiff's alleged actions and injuries occurred, Defendant Lawson is not a proper party in the present case as to any state law tort alleged by the Plaintiff. Therefore, Defendant Lawson moves this Court

to dismiss Plaintiff's pendant state law claims for false arrest and false imprisonment against her.

> **Proposition No. 4.   An award of punitive damages against Defendant Lawson in her official capacity is not authorized under state law.**

In *Speight v. Presley,* 203 P.3d 173, 178 (Okla. 2008), *citing Pelegrino v. State ex rel. Cameron University,* 63 P.3d 535, 537, the Oklahoma Supreme Court held that an official capacity claim is a claim against the entity the official represents.  Liability of a political subdivision on state law claims is governed by the terms of the GTCA, 51 O.S. 2007 Supp. §§ 151-172. Section 153 of the GTCA provides:

> A.    The state or a political subdivision shall be liable for loss resulting from its torts or the torts of its employees acting within the scope of their employment subject to the limitations and exceptions specified in this act and only where the state or political subdivision, if a private person or entity, would be liable for money damages under the laws of this state. The state or a political subdivision shall not be liable under the provisions of this act for any act or omission of an employee acting outside the scope of his employment.
>
> B.    The liability of the state or political subdivision under this act shall be exclusive and in place of all other liability of the state, a political subdivision or employee at common law or otherwise.

51 O.S. § 154(B) states:

> No award for damages in an action or any claim against the state or a political subdivision shall include punitive or exemplary damages.

Again, Plaintiff's Second Amended Complaint fails to limit the request for

punitive damages to the individual defendants, and Defendant Lawson, in her official capacity, is immune from punitive damages on Plaintiff's state law claims.

## **CONCLUSION**

For reasons stated herein, Plaintiff's official capacity claim against Defendant Lawson should be dismissed.

Respectfully submitted,

KENNETH JORDAN
Municipal Counselor

By:   /s/ Timothy L. Weston
        Timothy L. Weston, OBA #21058
        Richard C. Smith, OBA #8397
        Assistant Municipal Counselors
        Attorneys for Defendants City and Lawson in her official capacities only
        200 North Walker, Suite 400
        Oklahoma City, Oklahoma  73102
        (405) 297-2451  (405) 297-3851
        timothy.weston@okc.gov
        rick.smith@okc.gov

## CERTIFICATE OF SERVICE

I hereby certify that on the 1st day of June, 2010, I electronically transmitted the attached Motion to Dismiss Portions of Plaintiff's Amended Complaint of Defendant Katie Lawson to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Morris W. Thompson,
P.O. Box 662,
Little Rock, AR 72203,
Attorney for Plaintiff;

Anthony Q. Coleman
Goza, Washington & Coleman
101 Park Avenue, Suite 460
Oklahoma City, OK 73102
Attorney for Plaintiff;

Susan Knight and Stacey Haws Felkner,
One Leadership Square, Suite 800,
211 N. Robinson,
Oklahoma City, OK 73102,
Attorneys for Defendant Lawson;

James B. Robertson
Assistant District Attorney
Oklahoma County District Attorney's Office
320 Robert S. Kerr Ave., Suite 505
Oklahoma City, OK 73102
Attorney for Sheriff Whetsel, Lt. Don Stevenson,
     And Oklahoma County; and

Thomas W. Corbett, Jr., Attorney General
Patrick S. Cawley, Deputy Attorney General
Susan J. Forney, Chief Deputy Attorney General
Office of the Attorney General
Litigation Section
15th Floor, Strawberry Square
Harrisburg, PA 17120
Attorneys for Catherine C. McVey, Audrey M. Reiber, and
     Colleen M. Fickel

-  AND  -

James L. Gibbs, II
GOOLSBY PROCTOR HEEFNER & GIBBS PC
701 N. Broadway Ave., Ste. 400
Oklahoma City, OK 73102
Attorney for Defendant Security Transportation Services


/s/ Timothy L. Weston
Assistant Municipal Counselor

Y:\Collins v. William Citty, et al., CIV-09-756-W\MTD-Lawson Official Capacity Second Amended Complaint 060110.docx