IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LARRY COLLINS )<br>)<br>    PLAINTIFF )<br>)<br>VS. )<br>)<br>WILLIAM CITTY, individually and in his official )<br>capacity, et al., )<br>)<br>    DEFENDANTS | CASE NO.5:09-cv-00756-W |

### PLAINTIFF'S MOTION AND BRIEF TO DISMISS SEPARATE DEFENDANTS WILLIAM CITTY AND OKLAHOMA CITY, OKLAHOMA

Comes now the Plaintiff herein, Larry Collins (Collins) by and through his attorneys, Morris W. Thompson and Anthony Q. Coleman, for his Motion pursuant to F. R.Civ P. 41(a)(2) and moves the court to dismiss his causes of action and claims, without prejudice, against the City of Oklahoma City, Oklahoma and William Citty, individually and in his official capacity.

### BRIEF IN SUPPORT

Federal Rule of Civil Procedure 41(a)(2) provides:

Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication. Unless the order state otherwise, a dismissal under this paragraph (2) is without prejudice.

Neither the City nor Citty individually or officially have filed a counterclaim in this action. Under F. R.Civ P. 41(a)(2), a court may order dismissal at the plaintiff's insistence without prejudice upon such terms and conditions as the court deems proper.  In that matters

have not proceeded beyond pleadings and the City's and Citty's motion to dismiss, there is no legal prejudice to the parties and no conditions are mandated in this case. As stated in *Sisney v. Independent School District No. 3 of Tulsa County, et al.*, 2010 U.S. Dist. LEXIS, 9330 (N.D. Ok. Feb. 3, 2010):

> "Under Rule 41(a)(2), "an action may be dismissed at the plaintiff's request only by court order, on terms that the Court considers proper." Unless a defendant can show "legal prejudice from granting a plaintiff's request for voluntary dismissal, such requests should be ordinarily granted. *Ohlander v. Larson*, 114 F.3rd 1531, 1537, (10th Cir. 1997)."

Sisney points out that the Tenth Circuit has identified 4 non-exclusive factors that the trial court should consider in reaching its determination: 1) the opposing party's effort and expense in preparing for trial; 2) excessive delay and lack of diligence on the part of the movant; 3) insufficient explanation of the need for dismissal; and 4) the present stage of the litigation.

Collins filed his lawsuit against the City and Citty on July 20, 2009, by suing Citty in his official and individual capacities. Citty answer, in both capacities, on October 5, 2009. Subsequent to Collins' May 14, 2010 amended complaint, Citty and the City filed their 12(b)(6) motions to dismiss and their answers. The litigation has not proceeded beyond the stage of pleadings and the court has not issued its preliminary scheduling order. As between Collins and the separate defendants, no discovery has been submitted. The court did allow limited discovery against the "Pennsylvania defendants" in order to address the issues of in personam jurisdiction of the defendants. Collins' motion is timely and there is no excessive delay or lack of diligence on his part.

For the foregoing reasons, Collins respectfully prays that the court grant his motion for dismissal without prejudice, finding that no conditions are warranted under the circumstances; and for all other relief to which he may be entitled.

Respectfully submitted for
Larry Collins, plaintiff herein

_____
Morris W. Thompson

Morris W. Thompson Law Firm, P.A.
P. O. Box 662
Little Rock, AR  72203
(501) 661-8100
(501) 372-4101
mwthompsonlaw@sbcglobal.net
ABN#80145


and

_____ s _____
Anthony Q. Coleman, OBA No. 21494
GOZA, WASHINTON & COLEMAN
101 Park Avenue, Suite 460
Oklahoma City, Oklahoma 73102
Tele: 405.604.2800
Facsimile: 405.601.4309


## CERTIFICATE OF SERVICE

We, the undersigned attorneys for Larry Collins, the Plaintiff herein, certify that the foregoing has been served on June 14, 2010, using the Court's CM/ECF system, which will send notification of the filing to:

Thomas W. Corbett, Jr., Attorney General
Patrick s. Cawley, Deputy Attorney General
Susan J. Forney, Chief Deputy Attorney General
Office of the Attorney General
Litigation Section
15th Floor, Strawberry Square
Harrisburg, PA 17120

James B. Robertson
District Attorney's Office
320 Robert S. Kerr Avenue, Suite 505
Oklahoma City, OK 73102

Stacey Haws Felkner
Susan A. Knight
Fenton Fenton Smith Reneau & Moon
211 North Robinson Avenue, Suite 800N
Oklahoma City, OK 73102

Richard C. Smith
Timothy L. Weston
Municipal Counselor's Office
200 North Walker Avenue, Suite 400
Oklahoma City, OK 73102

James L. Gibbs, II
Goolsby, Procter, Heefner, & Gibbs, P.C.
701 N. Broadway Ave., Suite 400
Oklahoma City, OK 7312

/s/ Morris W. Thompson
Morris W. Thompson

_____/s/_____
Anthony Q. Coleman