IN THE UNITED STATES DISTRICT COURT FOR

THE WESTERN DISTRICT OF OKLAHOMA

FILED

JUL 3 0 2010

ROBERT D. DENNIS, CLERK
U.S. DIST. COURT, WESTERN DIST. OF OKLA.
BY_____DEPUTY

| | |
|---|---|
| LARRY COLLINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. CIV-09-756-W |
| ) | |
| WILLIAM CITTY, individually and in his ) | |
| official capacity, et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

This matter came before the Court on the Motion to Dismiss filed pursuant to Rule 12(b)(6), F.R.Civ.P., by defendants Lt. Don Stevenson, in his individual and official capacities, and John Whetsel, in his individual capacity.[1] Plaintiff Larry Collins did not respond to the Motion to Dismiss within the allotted time, and for that reason, e.g., Rule 7.1(g), Rules of the United States District Court for the Western District of Oklahoma (any motion not opposed within 21 days may be deemed confessed), and because the defendants' arguments as to Collins' federal law claims were meritorious, the Court found that these defendants were entitled to dismissal of Collins' claims as set forth against them in his second amended complaint. See Doc. 105.

Accordingly, the Court on June 22, 2010, granted these defendants' Motion to Dismiss and dismissed without prejudice Collins' federal law claims against Stevenson in his individual and official capacities and against Whetsel in his individual capacity. The

---

[1] Whetsel in his official capacity as Sheriff of Oklahoma County, Oklahoma, answered the allegations in the second amended complaint. See Doc. 94. As the United States Court of Appeals for the Tenth Circuit has recognized, "[c]laims against Whetsel in his official capacity . . . are the equivalent of an action against the county itself." Stevenson v. Whetsel, 52 Fed. Appx. 444, 446 (10th Cir. 2002)(cited pursuant to Tenth Cir. Rule 32.1).

Court declined to exercise supplemental jurisdiction over Collins' state law claims against these defendants, and dismissed such claims without prejudice. See id.

The next day, June 23, 2010, the matter came before the Court on the Motion to Dismiss filed by defendant Katie Lawson in her individual and official capacities. Collins again did not respond to the Motion to Dismiss within the allotted time, and for that reason, e.g., Rule 7.1(g), supra, and because Lawson's arguments were meritorious, the Court found that Lawson in her official capacity was entitled to dismissal of Collins' federal and state law claims against her and in her individual capacity was entitled to dismissal of Collins' state law claims against her. See Doc. 106.

Noting the absence of any objection, the Court stated:

> [A]ny claims against Lawson in her official capacity are properly construed as claims against the City of Oklahoma City and/or against William Citty ("Citty") in his official capacity as Chief of Police for the City of Oklahoma City. As the record reflects, however, Collins has abandoned his federal law claims against Citty in his official capacity and those claims have been dismissed. See Doc. 104. Under the facts and circumstances of this case and in the absence of any argument to the contrary, the Court finds that Collins has likewise abandoned his federal law claims against Lawson in her official capacity and that Lawson in that capacity is entitled to dismissal.

Doc. 106 at 3. The Court further found that "[i]n light of Collins' dismissal of his state law claims against William Citty in his official capacity, the Court finds Lawson is likewise entitled to dismissal of Collins' state law claims against her in her official capacity." Id. at 3, n.2.

As to Lawson in her individual capacity, the Court held that in light of Lawson's unchallenged allegations that at all times relevant to this lawsuit she was acting within the scope of her employment as an Oklahoma City Police Officer, that Lawson in her individual

capacity was entitled to dismissal of Collins' state law claims pursuant to the provisions of the Oklahoma Governmental Tort Claims Act ("Act"), 51 O.S. § 151 et seq.

The matter now comes before the Court on Collins' Motion for Reconsideration, wherein he has sought only revisitation of the Court's Order addressing the arguments and authorities asserted by Stevenson in his individual and official capacities and Whetsel in his individual capacity. These defendants have responded in opposition to the Motion for Reconsideration, and based upon the record, the Court makes its determination.

Although Collins did not cite Rule 60(b)(1), F.R.Civ.P., that rule provides that "[o]n motion and just terms, the [C]ourt may relieve a party . . . from a final judgment[ or order] . . . [due to] mistake, inadvertence, surprise, or excusable neglect[.]" Id. Collins has stated that his attorney's

> delay in responding was not meant as confessing the averments of the [defendants'] motions. . . . [C]ounsel has been preparing plaintiff's response and was delayed by a number of intervening demands on his time not the least of which were several hearings on various cases within his office.

Motion for Reconsideration at 1. Collins has further asserted that his counsel "was, in fact, finalizing his response to file . . . [it that] [ ]day." Id. Attached to Collins' Motion for Reconsideration was Collins' response to the defendants' Motion to Dismiss as well as a proposed amended complaint, which if filed, would be Collins' third amended complaint,[2] and which pleading, Collins has requested the Court consider, when determining whether reconsideration is warranted.[3]

---

[2]Collins' original complaint was filed on July 2, 2009; his first amended complaint was filed on March 29, 2010, and his second amended complaint was filed on May 14, 2010.

[3]In examining the allegations of the proposed third amended complaint, the Court notes that a majority of the allegations against Stevenson in his individual capacities are identical. Compare

While the issue of "[w]hether [a] . . . movant has demonstrated ' . . . excusable neglect' is . . . to be 'litigated on the merits,'" Jennings v. Rivers, 394 F.3d 850, 856 (10th Cir. 2005)(quoting Cessna Finance Corp. v. Bielenberg Masonry Contracting, Inc., 715 F.2d 1442, 1445 (10th Cir. 1983)), the determination of whether a party's "neglect is excusable 'is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission.'" Id. at 856 (quoting Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership, 507 U.S. 380, 395 (1993)(footnote omitted)). Factors relevant to the Court's determination include "the danger of prejudice to the [opposing party] . . . , the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." 507 U.S. at 395 (citation and footnote omitted).

In applying the foregoing factors to this case, the Court must first determine whether the arguments now asserted by Collins in response to the defendants' arguments under Rule 12(b)(6), supra, are meritorious, e.g., Jennings, 394 F.3d at 857, and second, whether counsel's failure to respond to the defendants' Motion to Dismiss "was a single unintentional incident (as opposed to a pattern of deliberate dilatoriness and delay), and whether the attorney attempted to correct his action promptly after discovering the mistake." Id. (citation omitted).

Collins has sought monetary relief against Stevenson in his individual and official capacities and Whetsel in his individual capacity, among other defendants, under title 42,

---

Doc. 93, at 13, ¶ 45; id. at 14, ¶ 46; id. at 15, ¶ 51 with Doc. 107-2 at 12-13, ¶ 43; id. at 13, ¶ 44; id. at 15, ¶ 52.

section 1983 of the United States Code for the alleged deprivations of his civil rights and under state law for false arrest and false imprisonment. Because any claims against Stevenson in his official capacity are construed as claims against Oklahoma County, Oklahoma, and because Whetsel in his official capacity as Sheriff of Oklahoma County was already a named party defendant,[4] the Court found under the facts and circumstances of this case and pursuant to Monell v. New York City Department of Social Services, 436 U.S. 658, 690 n.55 (1978), and Kentucky v. Graham, 473 U.S. 159, 165 (1985)(citation omitted), that an official-capacity suit against Stevenson was redundant and that Stevenson in his official capacity was entitled to dismissal. See Doc. 105.

Stevenson in his individual capacity also sought dismissal of Collins' federal law claims for failure to state a claim for relief under Rule 12(b)(6), supra, and after applying the standards articulated by the United States Supreme Court in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009), to the allegations and causes of action advanced by Collins, the Court found that Stevenson, individually, was likewise entitled to dismissal. See Doc. 105.

The Court further found there were no allegations in the second amended complaint that Whetsel had personally participated in the events described in that pleading and only conclusory allegations that he had failed to supervise Stevenson. Accordingly, under that case law that requires that liability against a defendant in his individual capacity be predicated upon a showing of "'an affirmative link . . . between the [constitutional] deprivation and either the [defendant's] personal participation, his exercise of control or

---

[4] See n.1 supra.

5

direction, or his failure to supervise," Ledbetter v. City of Topeka, 318 F.3d 1183, 1187 (10th Cir. 2003)(further quotations and citations omitted); e.g., Gallagher v. Shelton, 587 F.3d 1063, 1069 (10th Cir. 2009) (citation omitted)(supervisory status alone does not create section 1983 liability), the Court dismissed Collins' federal law claims against Whetsel, individually. See Doc. 105.

In examining Collins' response attached to his Motion for Reconsideration, the Court finds there are no arguments asserted therein that require reconsideration of the Court's Order of June 22, 2010, with regard to its dismissal of Stevenson and Whetsel in their individual capacities.[5]

As stated, the Court must also consider whether counsel's failure to respond to this particular Motion to Dismiss "was a single unintentional incident (as opposed to a pattern of deliberate dilatoriness and delay), and whether the attorney attempted to correct his action promptly after discovering the mistake." E.g., Jennings, 394 F.3d at 857.

Stevenson, individually and in his officially capacity, and Whetsel, in his individual capacity, filed their Motion to Dismiss on May 24, 2010; Collins' response was due June 14, 2010. The Court granted the Motion to Dismiss on June 22, 2010.

In his Motion for Reconsideration filed on June 23, 2010, Collins advised the Court and opposing counsel, as stated, that his attorney had "a number of intervening demands on his time" and that he "was, in fact, finalizing his response" that date. Collins did not however advise the Court at any time between May 24, 2010, and June 22, 2010, that additional time was needed, and at no time, did Collins seek an extension of time to

---

[5] It appears that Collins has not challenged the Court's dismissal of the claims against Stevenson in his official capacity.

6

...

respond as required by Rule 7.1(h), Rules of the United States District Court for the Western District of Oklahoma.

The Court is mindful that Rule 60(b)(1) "'should be liberally construed when substantial justice will thus be served.'" Jennings, 394 F.3d at 856 (quoting Cessna Finance Corp., 715 at 1444 (other quotations omitted)). The Court is equally mindful that relief under Rule 60(b)(1) "'is extraordinary and may be granted only in exceptional circumstances.'" Breaux v. American Family Mutual Insurance Co., 554 F.3d 854, 870 (10th Cir. 2009)(further quotation omitted).

"[F]ault in the delay remains a very important factor—perhaps the most important single factor—in determining whether neglect is excusable." City of Chanute v. Williams Natural Gas Co., 31 F.3d 1041, 1046 (10th Cir. 1994)(citations omitted). Collins has cited no authority that supports the proposition that an attorney's case load, busy schedule or involvement with other legal matters constitutes excusable neglect, or that the same affords a basis for the requested relief.

Moreover, in determining whether counsel's failure to respond to the defendants' Motion to Dismiss is but one act in a pattern of inexcusable conduct, the Court finds that the actions of Collins' counsel have unduly delayed this matter. This lawsuit was filed in July 2009, and the matter is not yet at issue. While the length of time in seeking the relief requested in the instant motion weighs in Collins' favor, the absence of any persuasive justification for his failure to respond timely to these defendants' Motion to Dismiss, as well as Collins' failure to respond to other pending motions, see Docs. 54, 106, including Lawson's Motion to Dismiss, and his repeated failure to comply with applicable rules, see Docs. 29, 32, 92, weigh heavily against Collins.

As the "party seeking to establish excusable neglect . . . , [Collins has the burden to] plead and prove it." Cessna Finance Corp., 715 F.2d at 1445. After "resolving all doubts in [Colllins'] favor," id., as the Court is required to do, the Court concludes that application of the Pioneer factors to this case dictates a finding that the inattention given by Collins to the now-challenged Motion to Dismiss is not excusable and that Collins has therefore failed to establish excusable neglect under Rule 60(b)(1).

In his Motion for Reconsideration, Collins has also requested that the Court permit the filing of a third amended complaint. Assuming arguendo that Collins' request to amend his second amended complaint is timely,[6] the Court in its discretion finds under Foman v. Davis, 371 U.S. 178 (1962), which permits the Court to consider "undue prejudice," id. at 182, and "futility of amendment," id., that further amendment is not warranted.

Prejudice to the nonmovants "'is the touchstone for the denial of an amendment.'" USX Corp. v. Barnhart, 395 F.3d 161, 166 (3d Cir. 2004)(quoting Lorenz v. CSX Corp., 1 F.3d 1406, 1414 (3d Cir. 1993))(other citation omitted). It is not enough that amendment will require additional discovery or will delay trial. The prejudice must be undue; it must result in expensive and extensive new discovery or cause substantial difficulty in litigating the lawsuit because the moving party, through the proposed amendment, either has changed his tactics or theories or intends to bring entirely new and separate claims for relief, including complicated legal and/or factual issues.

Since no significant discovery has occurred, the Court cannot find that the proposed amendment will at this stage of the litigation substantially change the nature of the action

---

[6]But see Rule 15(a)(1), F.R.Civ.P.

8

or so completely alter the focus of the lawsuit to cause undue prejudice. The Court does find however that the requested amendment will again unnecessarily delay resolution of this dispute.

Despite the fact that less than ten (10) days before Collins filed his Motion for Reconsideration he had voluntarily dismissed the City of Oklahoma City, Oklahoma ("City"), as a defendant in this matter (as well as defendant William Citty in his official capacity), see Docs. 103, 104, Collins has named the City as a party defendant in the body of his proposed third amended complaint. See Doc. 107-2 at 6, ¶ 16.[7]

Furthermore, despite the fact that Collins had failed to respond to the Motion to Dismiss filed by Lawson in her individual and official capacities, Collins has attempted to rename Lawson as a defendant not only in her official capacity as to his federal claims, see Doc. 107-2 at 4, ¶ 8; id. at 6, ¶ 15, but also in her individual capacity as to his state law claims. See id. at 23, ¶ 83.

If the City is arguably again named as a defendant, Collins' claims against Lawson in her official capacity, are, as the Court has admonished, duplicative. And because Collins has not set forth any allegations in his proposed third amended complaint that Lawson was acting outside the scope of her employment, his proposed state law claims against Lawson individually would also be subject to dismissal.

In the proposed third amended complaint, Collins has further renamed Stevenson in his official capacity, see Doc. 107-2 (Amended Complaint) at 4, ¶ 8, id. at 7, ¶ 18, even though he has attempted to name, as stated, the City, and despite the Court's earlier

---

[7]Although named in the body of the proposed third amended complaint, the City is not in the style or caption.

admonition "that an official-capacity suit against Stevenson is redundant . . . ." Doc. 105 at 4.

Finally, the Court notes that Collins in his proposed third amended complaint has improperly named as a defendant "Oklahoma County, Oklahoma." Title 19, section 4 of the Oklahoma Statutes provides that "[i]n all suits . . . against a county, the name in which a county shall . . . be sued shall be, 'Board of County Commissioners of the County of _____,' . . . ." 19 O.S. § 4.

Since Collins has been given ample time and opportunity to present a legally sufficient pleading against correctly named defendants, because Collins has stated no facts regarding his failure to timely respond to the Motion to Dismiss filed by Stevenson in his individual and official capacities and Whetsel in his individual capacity that constitute excusable neglect, and finally, because Collins' actions have delayed not only the judicial process, but also the prompt resolution of this lawsuit, the Court

(1) FINDS not only that Collins' Motion for Reconsideration [Doc. 107] filed on June 23, 2010, but also his request to amend set forth therein should be and is hereby DENIED;

(2) ORDERS that this matter shall be set for status conference on the Court's 2010 status conference docket; and

(3) ADVISES the parties that they will be notified, by published docket, of the date and time of such conference.

ENTERED this 30th day of July, 2010.

LEE R. WEST
UNITED STATES DISTRICT JUDGE