IN THE UNITED STATES DISTRICT COURT FOR

THE WESTERN DISTRICT OF OKLAHOMA

FILED

JUL 0 1 2011

ROBERT D. DENNIS, CLERK
U.S. DIST. COURT, WESTERN DIST. OF OKLA.
BY_____ DEPUTY

LARRY COLLINS, )
)
        Plaintiff, )
)
vs. ) No. CIV-09-756-W
)
WILLIAM CITTY, individually and in his )
official capacity, et al., )
)
        Defendants. )

## ORDER

This matter comes before the Court on the Motion for Summary Judgment filed pursuant to Rule 56, F.R.Civ.P.,[1] by defendant Tom Wilson, who has been sued in his individual and official capacities, and by defendant Security Transportation Services ("STS"), a prisoner transportation company and Wilson's employer. Plaintiff Larry Collins has not responded to the Motion for Summary Judgment within the allotted time.

Rule 7.1(g), Rules of the United States District Court for the Western District of Oklahoma, permits the Court to deem confessed any motion not opposed within twenty-one (21) days. Because Collins has failed to respond,[2] despite the Court's admonishment to Collins' counsel that they were "expect[ed] . . . to prosecute this matter in a more diligent and expeditious manner so that the interests of justice and the parties are better served," Doc. 120 at 2, the Court in its discretion deems the facts set forth in the defendants'

---

[1] Rule 56, F.R.Civ.P., was amended, effective December 1, 2010.

[2] Collins on two prior occasions in this lawsuit failed to respond in a timely manner to motions filed by the defendants. See Docs. 105, 106. The Court noted in addressing counsel's failure to respond that his "actions . . . had unduly delayed this matter," Doc. 109 at 7, and that he had demonstrated a "repeated failure to comply with applicable rules . . . ." Id. (citing Docs. 29, 32, 92).

statement of material facts undisputed and the defendants' legal arguments confessed in the absence of any evidence or argument to the contrary.

For that reason and because the defendants' arguments are meritorious, the Court rules that STS and Wilson are entitled to judgment as a matter of law on Collins' federal claims.

The Court therefore

(1) FINDS for purposes of the instant Motion for Summary Judgment that neither STS nor Wilson, individually or in his official capacity, was acting under color of state law, an essential element of Collins' claims under title 42, section 1983 of the United States Code;[3]

(2) deems CONFESSED and GRANTS the Motion for Summary Judgment [Doc. 127] filed by STS and Wilson on June 2, 2011, to the extent that STS and Wilson have sought summary judgment on Collins' section 1983 claims;

---

[3]Title 42, section 1983 of the United States Code provides that every person who acts under color of state law to deprive another of constitutional rights shall be liable in a suit for damages. ""'[M]erely private conduct, no matter how discriminatory or wrongful,'"" American Manufacturers Mutual Insurance Co. v. Sullivan, 526 U.S. 40, 50 (1999)(quoting Blum v. Yaretsky, 457 U.S. 991, 1002 (1982)(quoting Shelley v. Kraemer, 334 U.S. 1, 13 (1948)))(footnote omitted), is beyond the reach of this statute. Nevertheless, private parties such as STS and Wilson under certain circumstances can act "under color of state law" and thus, can be held liable under section 1983 as state actors. E.g., Lugar v. Edmondson Oil Co., 457 U.S. 922 (1982).

The United States Supreme Court has recognized four tests to determine whether particular private conduct constitutes state action. E.g., Gallagher v. Neil Young Freedom Concert, 49 F.3d 1442, 1447 (10th Cir. 1995). "Under each . . . , 'the conduct allegedly causing the deprivation of a federal right' must be 'fairly attributable to the State,'" id. at 1447 (quoting Lugar, 457 U.S. at 937), and "'the party charged with the deprivation must be a person who may fairly be said to be a state actor.'" Id. (quoting 457 U.S. at 937). In the absence of any evidence presented by Collins, the Court finds no triable issue exists with regard to whether the conduct of STS or Wilson, about which Collins has complained, is "fairly attributable" to the State or with regard to whether STS or Wilson "may fairly be said to be a state actor."

(3) DECLINES to exercise supplemental jurisdiction over Collins' state law claims against these two defendants and DISMISSES such claims without prejudice; and

(4) ORDERS that judgment in favor of STS and Wilson shall be entered in accordance with Rule 58, F.R.Civ.P., after resolution of all claims asserted in Collins' second amended complaint against all remaining defendants.

ENTERED this _1st_ day of July, 2011.

LEE R. WEST
UNITED STATES DISTRICT JUDGE